IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH HARRIS,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | NO. 11-7750 |
| | : | |
| **M. WENEROWICZ, et al.,** | : | |
| Respondents | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                   **August 14, 2014**

Keith Harris has filed a "motion for relief from judgment or Order dismissing petition for writ of *habeas corpus* as time-barred" pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. He argues that the court should reopen the judgment because: (1) extraordinary circumstances occurred which prevented him from filing a reply to the respondent's answer to his petition; and (2) the court "mistakenly forgot" to consider his "motion to amend and/or stay and abeyance [based on] newly discovered evidence of actual innocence." For the following reasons, I will deny the motion in its entirety.

# I.  BACKGROUND[1]

On November 12, 1993, along with two co-defendants, Mr. Harris participated in the murder of Wendy Glover who was shot in the lung and stabbed approximately twenty-one times in vital parts of her body in retaliation for the shooting of a friend of

---

[1] This section is based on the thorough and well-reasoned Report & Recommendation of United States Magistrate Judge Thomas J. Rueter. See Document #21. Judge Rueter recommended that the petition be dismissed as barred by the one-year statute of limitations. Upon *de novo* review, I overruled Mr. Harris's objections, and approved and adopted the Report & Recommendation.

Mr. Harris.  On March 3, 1995, a jury found Mr. Harris guilty of first-degree murder, criminal conspiracy, and possessing an instrument of crime.  Mr. Harris was sentenced on November 30, 1995 to a mandatory term of life imprisonment on the murder conviction, five to ten years on the criminal conspiracy conviction, and one-half to five years on the conviction for the possession of an instrument of crime, all of which was affirmed by the Superior Court of Pennsylvania.  Commonwealth v. Harris, 711 A.2d 1039 (Pa. Super. 1998).  The Supreme Court of Pennsylvania denied his request for review on June 4, 1998.  Commonwealth v. Harris, 725 A.2d 179 (Pa. 1998).

On June 2, 1999, Mr. Harris filed a *pro se* petition under the Post-Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq*.  Appointed counsel filed an amended petition which the PCRA court dismissed on June 4, 2001.  On appeal, the Superior Court of Pennsylvania affirmed the dismissal.  Commonwealth v. Harris, 799 A.2d 169 (Pa. Super. 2002).  On August 15, 2002, the Supreme Court of Pennsylvania denied Mr. Harris's request for relief.[2]  Commonwealth v. Harris, 806 A.2d 858 (Pa. 2002).

On March 2, 2006, Mr. Harris filed a second *pro se* PCRA petition.  Appointed counsel filed an amended petition.  On September 24, 2008, the PCRA court dismissed

---

[2] As Judge Rueter explained, Mr. Harris's conviction became final on September 2, 1998, when the time for seeking *certiorari* in the United States Supreme Court expired.  Thus, Mr. Harris had until September 2, 1999 to file a timely *habeas* petition under the AEDPA.  That deadline, however, was subject to statutory tolling when Mr. Harris properly filed a PCRA petition in state court.  See 28 U.S.C. § 2244(d)(2) (providing that the time during which a "properly filed" petition for collateral relief is pending is not counted toward the one-year statute of limitations).  At the time Mr. Harris filed his first PCRA petition, 272 days of the statute of limitations had elapsed, leaving ninety-three days remaining.  The statute of limitations was tolled, therefore, from June 2, 1999 until August 15, 2002, while his timely PCRA petition was pending in state court.  The statute of limitations restarted on August 15, 2002, and expired ninety-three days later on November 15, 2002.  He filed his petition on December 20, 2011.  Thus, Mr. Harris's *habeas* petition was untimely by over nine years.

the second petition as untimely.  That dismissal was affirmed by the Superior Court of Pennsylvania, see Commonwealth v. Harris, 4 A.3d 678 (Pa. Super. 2010), and the Supreme Court of Pennsylvania denied discretionary review.  Commonwealth v. Harris, 13A.3d 476 (Pa. 2010).

On December 20, 2011, Mr. Harris filed a petition for writ of *habeas corpus* in this court, raising eighteen claims.  See Document #1.  The respondents filed an answer to the petition, arguing that it should be dismissed as untimely.  See Document #14.  Judge Rueter agreed, and recommended that the petition be dismissed.  After a *de novo* review of Mr. Harris's sizeable objections, I approved and adopted Judge Rueter's Report and Recommendation, and dismissed the petition as untimely.

**II.  STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to grant relief from a final judgment after a showing of extraordinary circumstances, including fraud, misrepresentation, or misconduct by an opposing party; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or "any other reason that justifies relief."  FED.R.CIV.P. 60(b)(2), (3) and (6).  As such, relief under this rule is possible only in narrow circumstances.  See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  In evaluating a Rule 60(b) motion, the district court must determine whether the AEDPA's limits on successive petitions apply.  Id. at 529.  A Rule 60(b) motion shall be treated as a successive *habeas* petition if it is "in substance a *habeas corpus* application."  Id. at 531; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack

3

the petitioner's underlying conviction, the motion should be treated as a successive *habeas* petition.")  If the motion is construed as a second or successive *habeas* petition, the district court does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition.  See Burton v. Stewart, 549 U.S. 147, 153 (2007).

**III.  DISCUSSION**

A review of the arguments advanced in support of Mr. Harris's Rule 60(b) motion reveals that it could be construed as a second *habeas* petition.  Notwithstanding his attempts to disguise them, both of Mr. Harris's arguments could be read to attack collaterally his underlying conviction.  Stripped of accusations of this court's failure, one argument is based on the state court's rejection of his second PCRA motion.  The other argument alleges that police officers tampered with evidence and perjured themselves at trial and a suppression hearing.  Out of an abundance of caution, however, because Mr. Harris accuses this court of failing to file his reply brief and failing to consider a motion, I will address the merits of the Rule 60(b) motion. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  First, Mr. Harris argues his "reply brief [to the respondents' answer to the petition] that was given to prison officials for mailing, that addressed the asserted procedural defenses of the respondents, that was never filed with the Clerk of Court, and never considered by the District Court during its review of his first federal *habeas* petition, constitutes 'extraordinary circumstance' warranting relief under Rule 60(b)(6)."  This "circumstance," Mr. Harris insists, is sufficient to prove that there was some defect in the integrity of the federal *habeas* proceeding.  This claim is meritless.

Initially, I note that a petitioner's reply is not a required element of the *habeas corpus* process in federal courts. Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the "petitioner ***may*** submit a reply to the respondent's answer or other pleading within a time fixed by the judge." (Emphasis added). Here, no such date was fixed, and a reply from Mr. Harris was not anticipated. Whether Mr. Harris successfully filed a reply, however, does not cast doubt on the integrity of the federal *habeas* proceeding. This is particularly true because Mr. Harris filed extensive objections to the Report and Recommendation before its approval and adoption. Further, when he composed those objections, he took the opportunity to re-present the issues he had intended to be included in his reply to the respondent's answer. I considered and overruled those objections when I approved and adopted the Report and Recommendation. The issues in question were an attempt to dispute the untimeliness of his *habeas* petition by arguing that the state court had incorrectly rejected his second PCRA petition. The second PCRA petition, however, has nothing to do with the timeliness of the *habeas* petition. If his reply had been received and filed, it would have had no impact on the ultimate disposition of his *habeas* petition here. Mr. Harris had until November 15, 2002 to file a timely *habeas* petition. By the time he filed his second PCRA petition on March 2, 2006, the AEDPA statute of limitations had already expired which rendered his *habeas* untimely. Accordingly, Mr. Harris's first argument does not present extraordinary circumstances which warrant Rule 60(b) relief.

5

Second, Mr. Harris argues that his "motion[3] to amend and/or stay and abeyance [based on] newly discovered evidence of actual innocence" was never considered by the district court. In that document, Mr. Harris informed the court that he had received "newly discovered evidence" pertaining to "prosecution misconduct," which "would trigger the running of the one-year limitations period as of the moment of the diligent discovery on June 18, 2012." The evidence in question is purported to be a report dated June 12, 2012, and authored by Dianne Peterson, a forensic document examiner. Apparently upon Mr. Harris's request, Ms. Peterson performed a handwriting analysis of the search warrants in this case, and determined that a portion of each warrant was completed by the same individual, yet signed by two different detectives. The challenged portion is the block on the forms set aside for an inventory of the property seized upon execution of the search warrants. Here, the seized property included various pieces of clothing belonging to the three co-defendants which were stained with the victim's blood type and marked with her genetic material as discovered by DNA testing. Mr. Harris insists that this report is significant because both detectives involved allegedly testified under oath to be the author of the entire document, and the uncovering of this handwriting analysis supports his contention that the "police and prosecutors tampered with and fabricated physical and documentary evidence, and committed perjury at petitioner's trial and suppression hearing, that was used as a basis for the conviction." First, Mr. Harris provides no evidence of the testimony of the two detectives. Second,

---

[3] I note that the document to which Mr. Harris refers was not captioned as a motion. See Document #24. Accordingly, it was docketed as a "Statement filed by Keith Harris," and did not require disposition.

6

the signatures on the inventory section of the warrants merely certify that the written inventory is a true and correct listing of all items seized. There is no indication that by signing the inventory, the detectives were certifying that they had actually handwritten the clothing items into the inventory themselves. Finally, there is no reason why, with reasonable diligence, this report could not have been prepared in time for trial. Even if I were to believe that this report somehow uncovered perjury on part of the detectives, it would be absurd to think that what amounted to a clerical error would have had any effect on the jury's verdict, given the overwhelming evidence against Mr. Harris, including his testimony that he was present during the brutal murder and assisted in the removal of the body. The purported newly-discovered evidence is far from proving Mr. Harris's actual innocence. Again, I must find that Mr. Harris's second argument does not present extraordinary circumstances which warrant Rule 60(b) relief. Accordingly, I will deny the motion in its entirety.

      An appropriate Order follows.